Mr. Justice ThacheR
delivered the opinion of the court.
The bill of complaint filed in the superior court of chancery avers that the defendants, on the 3d day of May, 1840, executed a mortgage to complainant to secure the payment of three promissory notes of the defendant, Samuel K. Montgomery. The answer of the defendant, Mrs. Montgomery, avers that on the 20th day of August, 1832, she, being then a widow, made a marriage contract with Samuel K. Montgomery, now her husband, by which her property was stipulated to remain to her, free from the control of her husband. It further avers that the husband purchased the land conveyed in the mortgage with the funds of the wife, and by mistake took a conveyance to himself as agent of his wife; but upon discovery of this error, the husband made a conveyance of said land to Alexander Montgomery in trust, for the separate use of the wife, together with divers slaves, and other property , and by the conveyance giving to the wife such power and control over the property as she possessed before marriage. It further avers, that at the time the conveyance in trust was made, the husband was comparatively but little embarrassed in his circumstances.
*576 This case will be found not to differ in the principles upon which it must turn, from that of Minerva Doty et al. v. William S. Mitchell, decided at the present term of this court. 9 S. & M. 435.
The land, which was the subject of the mortgage, was purchased with the proceeds of the separate property of the wife. The proceeds of the separate property were secured to the wife by the marriage settlement. The deed of trust, which was designed by the husband to correct the mistake in taking the conveyance of the land in his own name as agent for the wife, must be considered in connection with the marriage settlement, to arrive at the wife’s power over it. The deed of trust refers to the marriage settlement as one of the moving causes of its execution. It was established to fix in Mrs. Montgomery more firmly the equity which she already possessed in the land, from its purchase with funds derived from her separate estate. In fact, she was entitled to receive even the legal title, and possibly might still enforce this right. At all events, under the decision before referred to, she could not divest herself of her interest in the land, such as it was, except in the mode pointed out by the settlement.
The marriage settlement contains, first, a power of disposing of the property so secured; and, secondly, the manner in which that power shall be executed. The second clause does not restrict the right of disposition, but simply points out the mode in which the right shall be exercised. The two clauses are compatible and not inconsistent with each other.
The form of disposal required by the settlement is by an instrument in writing, signed by the wife and attested by two witnesses in her presence, and by her request. Upon this subject, it is sufficient to add to what has already been said in the case of Minerva Doty et al. v. William S. Mitchell, that the wife derives her power to dispose of the property, not from the law or statute, but from the settlement. Although, under the statute, an acknowledgment of a conveyance is equivalent to the attestation and proof by two witnesses, and even by one witness, by the decision of this court, such is not the law gov *577 erning the disposal of the separate property of a feme covert. She derives her power from the exception she herself makes by the settlement, and she must pursue the mode she has appointed for the exercise of the power.
The decree must be reversed, the demurrer allowed, and the bill dismissed, but without prejudice to any rights that Samuel K. Montgomery may possess by virtue of survivorship of his wife.
Counsel for the appellees applied for a re-argument; but the application was denied.